UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER STALLWORTH,

     Petitioner,

v.                                                    Case No. 3:19cv4946-LC-HTC

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

This habeas petition under 28 U.S.C. § 2254 is before the Court on Respondent's motion to dismiss. ECF Doc. 11. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the petition, the State's motion to dismiss, and Petitioner's reply (ECF Doc. 16), the undersigned recommends the petition be denied, without an evidentiary hearing, as untimely.

## I.    BACKGROUND

Petitioner Christopher Stallworth was convicted of first-degree murder and sentenced, on November 6, 2001, to life imprisonment in Escambia County Circuit Court Case Number 1998-CF-3418A. ECF Doc. 11-1 at 5-9. On or about December 31, 2001, Stallworth filed a timely notice of appeal with the First District Court of

Appeal ("First DCA").  ECF Doc. 11-2 at 2 (Case No.: 1D01-5200).  The First DCA *per curiam* affirmed the conviction on February 25, 2003 and issued the mandate on May 9, 2003.  *Id.*

On March 15, 2004,[1] Stallworth filed a *pro se* motion for postconviction relief, ECF Doc. 11-4 at 2, which was denied on July 22, 2005 (ECF Doc. 11-5 at 2).  On or about December 31, 2001, Stallworth appealed the denial of the 3.850 motion to the First DCA.  ECF Doc. 11-7.  On August 24, 2005, the First DCA, *per curiam* affirmed, and, on February 21, 2006, issued its mandate.  ECF Doc. 11-7 (Case No.: 1D05-4367).

On January 28, 2019, Stallworth filed a state petition for writ of habeas corpus. ECF Doc. 16 at 7-45.  The circuit court denied the motion on April 18, 2019.  ECF Doc. 16 at 46-48.  After the time for appeal had run, Stallworth petitioned the First DCA for leave to file a belated appeal on October 3, 2019.  ECF Doc. 11-8 at 2 (Case No.: 1D19-3611).  The First DCA denied the petition *per curiam* on October 28, 2019.  *Id.*

## II.   MOTION TO DISMISS AS UNTIMELY

On December 16, 2019, Stallworth filed the instant petition, raising the same grounds as raised in the 2019 state petition for writ of habeas corpus.   The

---

[1] When available, the undersigned refers herein to the date the Petitioner submitted the referenced motion to prison mail officials, rather than the docketed date.  *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

Respondent moves to dismiss the petition on the ground that the petition is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year statute of limitations as set forth in 28 U.S.C. § 2244(d)(1)(A). Notably, the Respondent points out that Stallworth failed to file any post-conviction motions after his 3.850 motion was denied and affirmed on appeal, until October 3, 2019, when Stallworth filed a petition for belated appeal. The petition for belated appeal, however, could not have tolled the statute of limitations because the one-year time period "had expired either in late 2006 or 2007". ECF Doc. 11 at 3. As set forth below, the undersigned agrees.

## A.    The AEDPA One-Year Statute Of Limitations

The AEDPA created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Under 28 U.S.C. § 2244(d)(1), a habeas petition must be filed within one-year of the latest of the following "trigger" dates:[2]

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

* * * *

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] The trigger dates in subparagraphs B and C are not applicable to this case. The trigger date set forth in subparagraph D is discussed in Section B.2., below.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

As set forth above, the First DCA affirmed Stallworth's conviction on direct appeal on February 25, 2003.  Under the AEDPA, a judgment of conviction becomes final upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court.  *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).  Thus, Stallworth's judgment became final on May 26, 2003.  *See Chavers*, 468 F.3d at 1275 ("the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)").

The AEDPA time period began running the following day and ran until March 15, 2004, or for 293 days, when Stallworth filed his first 3.850 motion.  The AEDPA clock was tolled until February 21, 2006, when the First DCA issued the mandate affirming the state court's denial of the 3.850 motion.  *See King v. Sec'y, Fla. Dept. of Corr.*, 2017 WL 6760186, *1 (11th Cir. Jan. 5, 2017) (holding federal one-year period is tolled upon properly filed postconviction motion and remains tolled until the appellate court issues its mandate).  Because 293 days had already run on the

AEDPA clock, Stallworth had another 73 days, until May 8, 2006, to file a timely federal petition.[3]

A court may properly take judicial notice of state court dockets. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020). Thus, for purposes of determining the Respondent's motion to dismiss, the undersigned takes judicial notice of the (1) First DCA online dockets in case numbers: 1D01-5200, 1D05-4367, and 1D19-3611 (printouts attached to the motions to dismiss, ECF Doc. 11); and (2) the online docket for case number 1998-CF-3418A, attached to this Report and Recommendation. Based on those dockets and the state court filings attached to Stallworth's reply (ECF Doc. 16), the undersigned concludes that Stallworth did not file any post-conviction motions after February 21, 2006, until January 28, 2019, when he filed the state court petition for writ of habeas corpus.

While the Respondent references only the petition for belated appeal filed by Petitioner in October 2019, as being insufficient to toll the AEDPA clock; the undersigned finds that the January 2019 petition also did not toll the AEDPA clock. This is so because there was no time left on the AEDPA clock to toll. A post-conviction motion filed after the AEDPA clock has run cannot toll the clock because

---

[3] Because February 29, 2004 is a leap year, Petitioner is afforded one additional day in his one-year limit and 366-293 = 73. Also, 73 days from February 22, 2016, is May 6, 2006, which falls on a Saturday, so the time would run the following Monday, May 8, 2006.

there is no time left to toll. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir.

2004) ("A state court filing after the federal habeas deadline does not revive it.").

Thus, for the instant petition to be timely filed, it must have been filed by no

later than May 8, 2006. Accordingly, the instant federal petition is untimely under

§ 2244(d)(1)(A), as it was not filed until more than thirteen (13) years after the

AEDPA clock ran.

### B.    Newly Discovered Evidence

In his petition and reply, Stallworth does not argue that his petition was filed

within the time limit as set by 2244(d)(1)(A). Instead, he argues that newly

discovered "evidence" excuses the late filing of his petition. *See, e.g.,* Petition, ECF

Doc. 1 at 19; Reply, ECF Doc. 16 at 2.

Stallworth's supposed "new evidence" is a discussion with a fellow inmate,

Nyka O'Connor, in which that inmate speculated that Stallworth might have the

same "chemical imbalance in the brain" that O'Connor had. In the "Declaration-

Affidavit in Support of Petition for Writ of Habeas Corpus" filed by inmate Nyka

O'Connor, O'Connor avers the following:

> Bro Stallworth and I have spoken about his criminal case and his mental
> issues in this mental health program called STU. I told Bro Stallworth
> that I discovered that I suffered and still suffer from a chemical
> imbalance in the brain, from childhood to date . . . . I further learned
> that one who takes certain kind[s] of psych meds that I (and Bro
> Stallworth) take more than likely suffer from a chemical imbalance in
> the brain which Union CI and FSP psych doctors . . . have reaffirmed.
> . . . I have decided that Bro Stallworth has a chemical imbalance in the

> brain, also, which any competent license[d] mental health doctor will
> verify.  Consequently, I formulated Bro Stallworth's Petition for Writ
> of Habeas Corpus and this Affidavit-Declaration.

Petition, ECF Doc. 1 at 28.

Petitioner argues the above newly discovered evidence (i.e., evidence of his chemical imbalance) renders his conviction a fundamental miscarriage of justice, requiring this Court's review under *Schlup* and, also, changes the "trigger date" for the time-limit under the AEDPA to the one described in § 2254(d)(1)(D). Additionally, Petitioner argues he is entitled to equitable tolling.  ECF Doc. 1 at 18-19.  As discussed below, the. undersigned finds no merit in any of these arguments.

1.  <u>Stallworth's Claims Do Not Satisfy the Actual Innocence / Miscarriage of Justice Exception</u>

A petitioner may obtain federal habeas review of a procedurally defaulted claim only if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).  A fundamental miscarriage of justice occurs if a constitutional violation has probably resulted in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet the "fundamental miscarriage of justice" exception, Stallworth must show constitutional error coupled with "new reliable evidence—whether . . . exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Stallworth has not met that standard here.  The only evidence offered is the above-quoted affidavit of inmate O'Connor, responses by prison medical staff to questions posed by Stallworth on inmate requests, and recent prison medical records. These items do not rise to the level of new reliable evidence required under *Schlup.*

First, inmate O'Connor does not claim that he is a qualified mental health expert, or otherwise has any expertise in mental health diagnosis.  He simply speculates that Stallworth has a chemical imbalance.  Petitioner raised identical claims in his January 2019 petition in state court.  The state circuit court rejected the claim and stated: "Such a speculative claim made by a person unable to diagnose mental health issues is not newly discovered evidence.  Instead, the allegations are frivolous and an abuse of process." ECF Doc. 16 at 47.[4]  The undersigned agrees.

As for the inmate requests, Stallworth therein asked the psychiatrist to "[k]indly disclose if a person suffers from any mental illnesses and / or takes psych meds, does that person suffer[] from a chemical imbalance in his brain?" ECF Doc. 1 at 30.  The doctor replied, "Possibly.  It depends on the illness." *Id.*  Stallworth also asked, "Kindly verify that because I was prescribed psych medication that I got

---

[4] In the state court's order denying the petition, the court also cautioned Stallworth that if the court finds future filings to be frivolous, the court will require Stallworth to show cause why sanctions should not be levied against him.  ECF Doc. 16 at 47.

a chemical imbalance in my brain." *Id.* at 31.  The medical staff member responded, "You have a chemical imbalance that is causing your mental illness.  The medication corrects this.  Does <u>not </u>cause it." *Id.*  Neither of these constitute evidence of Stallworth's mental condition at the present, much less twenty-one (21) years ago.

While the medical records attached to the petition, *id.* at 32-40, describe Stallworth's current mental problems and the medications required for them, they do not consist of new reliable evidence of his mental state at the time of the 1998 offense or his competency to proceed with the subsequent trial.  Indeed, the records do not purport to state opinions regarding Stallworth's mental competency at any time.

The Supreme Court notably cautioned that "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329). As the state court concluded, the materials submitted by Stallworth do not come close to satisfying this high standard.  Additionally, as discussed below, Stallworth has not shown that he was diligent in discovering the purported new "evidence" he seeks to now offer.

2.    28 U.S.C. § 2244(d)(1)(D) Is Not Applicable

Section 2244(d)(1)(D) extends the trigger date for the AEDPA clock to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2241(d)(1)(D). Notably, this simply requires a "factual predicate" -- not that the predicate be likely to undermine the conviction. Thus, unlike the gateway's requirement to show both that due diligence was exercised in discovering the new evidence and that the new evidence "would probably produce an acquittal on retrial or yield a less severe sentence," the § 2244(d)(1)(D) standard focuses solely on the exercise of due diligence. *Frederick v. McNeil,* 300 F. App'x 731, 734 (11th Cir.2008) ("Whether or not the state prisoner's claimed newly discovered evidence is sufficient to merit federal habeas relief is not, however, the standard for determining the appropriate triggering date. *See* 28 U.S.C. § 2244(d)(1)(D). Rather, the appropriate standard is whether or not the state prisoner exercised due diligence in discovering the factual predicate for his claim.").

Even under this lesser standard, Stallworth is not entitled to relief. He has not shown that he exercised diligence. The limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered. *Id.* (citing *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004)). "Due diligence means the petitioner 'must show some

good reason why he or she was unable to discover the facts' at an earlier date." *Id.*

Merely alleging that an applicant "did not actually know the facts underlying his or

her claim does not pass the test." *Id.*   Instead, the inquiry focuses on "whether a

reasonable investigation ... would have uncovered the facts the applicant alleges are

'newly discovered.'" *Id.* (citation omitted).

Stallworth does not allege, and the state records do not reveal, that he engaged

in any investigation into his case from 2013 to 2019.  Even in 2019, the instant

petition came about seemingly because of a chance encounter with inmate O'Connor

who had filed similar arguments in his petition.  ECF Doc. 1 at 29.  This is not

diligence.

More importantly, the state docket sheet reveals that Stallworth's mental

issues were well known and extensively considered by the trial court as early as

1999.  *See, e.g.*, online docket sheet from 1998-CF-3418A showing a competency

hearing on April 12, 1999 in response to motions by Stallworth; a committal to the

Florida State Hospital on May 17, 1999; an order appointing psychiatric experts on

June 14, 2001; an order directing an evaluation of Stallworth's insanity on June 15,

2001; and a notice of relying on insanity defense on October 25, 2001.  Thus,

Stallworth was well aware of potential issues involving his mental condition for at

least eighteen (18) years before the conversations with inmate O'Connor in 2019 but

failed to initiate investigation into potential claims for many years before the state

petition in 2019. Stallworth therefore has not demonstrated that his claims could not have been discovered sooner through the exercise of due diligence.

## III.    STALLWORTH IS NOT ENTITLED TO EQUITABLE TOLLING

Finally, despite Petitioner's claim of a potential mental illness, the undersigned finds that Petitioner is not entitled to equitable tolling. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649. "Equitable tolling is to be applied when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition. . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted).

The "extraordinary circumstances" must be beyond petitioner's control and make it impossible for him to file his petition on time. *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' ... Generally, this will occur when the petitioner has 'in some

extraordinary way ... been prevented from asserting his or her rights.' ... The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' ... Mere excusable neglect is not sufficient.").

Here, Stallworth states that "Stallworth's incompetency to litigate <u>Hunter v. [Ferrell]</u>, 587 F.3d 1304 (11th Cir. 2019) is supported by his mental records in FDOC, and both state and federal court pleadings, that O'Connor and other jailhouse lawyers have helped Stallworth file, that he can't do on his own."  ECF Doc. 16 at 3-4.  Such a conclusory assertion, however, is insufficient to establish a causal connection between Stallworth's alleged mental incapacity and his ability to file a timely petition.  *See Lawrence v. Fla.*, 421 F.3d 1221, 1226–27 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007) (holding Petitioner's claim that "initial pleading made it clear that he has suffered from mental impairments his entire life . . . without more, is insufficient to justify equitable tolling.") (citing *Bilbrey v. Douglas,* 124 F. App'x 971, 973 (6th Cir.2005) (finding that equitable tolling did not apply because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley,* 116 F. App'x 749, 751 (7th Cir.2004) (finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson,* 262 F.3d 1135, 1145 (10th

Cir.2001) (finding that petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period).

Petitioner admits he has access to jailhouse lawyers to file documents for him; indeed, the instant petition was "formulated" and prepared by O'Connor on behalf of Petitioner. ECF Doc. 1 at 29. Also, the medical records show that Petitioner has been receiving treatment for his mental condition for some time, and he admits, "I take my meds and know they help me." ECF Doc. 16 at 34. Thus, he has known of his mental issues for a very long time and could have asked inmate law clerks for assistance bringing claims based on them. In short, Petitioner has not offered any allegations showing that any mental issues from which he suffers prevented him from timely filing the instant, as is necessary for equitable tolling to apply.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned recommends the Court dismiss the petition as untimely. Additionally, because there are no factual issues which need to be resolved to reach that determination, the undersigned finds an evidentiary hearing to be unwarranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## V.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Stallworth*, 1998-CF-3148, in the First Judicial Circuit, in and for Escambia County, Florida, ECF Doc. 1, be DENIED without an evidentiary hearing.

2.      That a certificate of appealability be DENIED.

3.      That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of September, 2020.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Next → (../Details/937543?digest=LlJMYtce7MelNG7WkwLtJA&selectLastTab=true&courtdocketurl=)

← Previous (../Details/877393?digest=//T9+XJXpksyez7DFvrlNQ&selectLastTab=true&courtdocketurl=)

## ⊟ SUMMARY

| | | |
|---|---|---|
| **Judge:** BURNS, JEFFREY LEONARD | **Court Type:** FELONY | **Case Type:** |
| **Case Number:** 1998 CF 003418 A | **Uniform Case Number:** 171998CF003418XXXAXX | **Status:** CLOSED |
| **Clerk File Date:** 8/15/1998 | **Status Date:** 4/18/2019 | **Waive Speedy Trial:** ☐ |
| **Total Fees Due:** 0.00 | **Booking Number:** | **Agency:** PENSACOLA POLICE DEPARTMENT |
| **Agency Report Number:** 98-048217 | **Custody Location:** | |

## ⊟ PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| DEFENDANT | STALLWORTH, CHRISTOPHER WAYNE (/BMWebLatest/Party.aspx/Index/43490640?caseID=934927&digest=Fzn%2B4NX0SbpIPjfeW1%2Fq5Q) | |
| PLAINTIFF | STATE OF FLORIDA | |

## ⊟ CHARGES

| | COUNT | DESCRIPTION | LEVEL | DEGREE | PLEA | DISPOSITION | DISPOSITION DATE |
|---|---|---|---|---|---|---|---|
| ⊞ | 1 | MURDER 1ST DEGREE PREMEDITATED (782.04(1a1)) | F | C | | GUILTY [G] | 11/06/2001 |

## ⊟ EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| 11/5/2001 8:30 AM | JURY SELECTION (/BMWebLatest/CourtDocket.aspx/Cases /86160?digest=hj%2FQ2Wu15d9YZ2L%2B6E74WQ) | BILBREY, ROSS | DIVISION F COURT ROOM | |

## ⊟ OUTSTANDING AMOUNT

| COUNT | CODE | DESCRIPTION | ASSESSMENT | PAID | WAIVED | BALANCE | PAYMENT PLAN / JUDGMENT | DUE DATE |
|---|---|---|---|---|---|---|---|---|
| | | | | | No Fees on Case | | | |

## ⊟ RECEIPTS

| DATE | RECEIPT # | APPLIED AMOUNT |
|---|---|---|
| | | No Receipts on Case |

## ⊟ CASE DOCKETS

| IMAGE | DATE | ENTRY |
|---|---|---|
| Request | 5/20/2019 | EXHIBIT LIST |
| Request | 4/23/2019 | CERTIFICATE OF SERVICE |
| Requested | 4/18/2019 | ORDER DENYING WITH PREJUDICE DEFENDANTS PRO SE PETITION FOR WRIT OF HABEAS CORPUS AND ORDER IMPOSING SANCTIONS WARNING |
| Request | 3/4/2019 | RESPONSE TO DEFT'S NOTICE OF INQUIRY |
| Request | 2/27/2019 | NOTICE OF INQUIRY |
| 📄 30 | 2/1/2019 | PETITION FOR WRIT OF HABEAS CORPUS |
| | 2/1/2019 | BURNS, JEFFREY LEONARD: ASSIGNED |
| Request | 10/25/2013 | FILED ANSWER TO DEFENDANT |
| Request | 10/21/2013 | DEFENDANTS REQUEST FOR DOCUMENTS FILED |
| Request | 6/6/2012 | DEFENDANT'S REQUEST FOR DOCUMENTS FILED. |
| Request | 10/17/2011 | RESPONSE TO DEFT'S CORRESPONDENCE FILED |
| Request | 10/12/2011 | DEFENDANT'S REQUEST FOR DOCUMENTS FILED. |
| Request | 6/12/2009 | DEFENDANT'S REQUEST FOR DOCUMENTS FILED. |
| Request | 12/16/2008 | ARCHIVED CASE DOCUMENT (PRIVATE) |
| Request | 12/16/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) NOTICE OF TAKING DEPOSITIONS |
| Request | 7/28/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITION - TONY RAY PUENTE |
| Request | 7/28/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITION - ERNESTINE HARDY |
| Request | 7/28/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITIONS - BROWN, MOORE |
| Request | 7/28/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITION - JOHN P. DOYLE |
| Request | 7/28/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITIONS - GOLDEN, WEST |
| Request | 7/28/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITIONS - WATKINS, RANCIFER, DONALDSON |
| Request | 7/28/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITIONS - EAGERTON, GAZANI, BAKER |
| Request | 7/28/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITION - JAMES JEROME JONES |
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITION - ANNIE BELL STALLWORTH |
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITION - AURELA BENNETT |
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITION - LOLA COLEMAN |
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) DEPOSITION - ODILE DONALDSON |
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) TRIAL TRANSCRIPTS - VOLUME II |
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) TRIAL TRANSCRIPTS - VOLUME I |
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) TRANSCRIPTS OF VARIOUS HEARINGS |

| IMAGE | DATE | ENTRY |
|---|---|---|
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC) TRANSCRIPTS |

| | | |
|---|---|---|
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC)VOL 2 |
| Request | 7/25/2008 | ARCHIVED CASE DOCUMENT (PUBLIC)VOL I |
| Request | 2/12/2008 | RESPONSE LETTER MAILED TO DEFENDANT |
| Request | 1/25/2008 | DEFENDANT'S REQUEST FOR DOCUMENTS FILED |
| Request | 10/18/2007 | RESPONSE LETTER MAILED TO DEFENDANT |
| Request | 10/15/2007 | DEFENDANT LETTER FILED |
| Request | 12/1/2006 | FILED PSYCHOLOGICAL EVALUATION BY DR. LARSON DATED FEBRUARY 22, 1999 |
| Request | 2/23/2006 | FILED MANDATE & OPINION FROM DISTRICT COURT AFFIRMING THE JUDGMENT OF THIS COURT. DCA# 1D05-4367 |
| | 9/7/2005 | NOTICE OF APPEAL AND RECORD ON APPEAL MAILED TO DISTRICT COURT, ATT. GENERAL, AND DEFENDANT |
| | 8/24/2005 | NOTICE OF APPEAL FILED - PRO SE' ON 3.850 MOTION |
| | 7/22/2005 | ORDER DENYING MOTION FOR POST-CONVICTION RELIEF FILED. |
| | 7/22/2005 | JUDGE SHACKELFORD |
| | 3/21/2005 | FILE STATE'S RESPONSE TO THE SECOND ORDER TO SHOW CAUSE ISSUED BY THE COURT ON 1/31/2005 |
| | 1/31/2005 | FILED SECOND ORDER TO SHOW CAUSE WITHIN 60 DAYS |
| | 1/31/2005 | JUDGE SHACKELFORD |
| | 8/23/2004 | FILED STATE'S RESPONSE TO THE ORDER TO SHOW CAUSE ISSUED BY THE COURT |
| | 8/12/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 1/4/2001 |
| | 8/12/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 6/19/2001 |
| | 8/5/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 10/20/1999 (COVERS 98- 3586) |
| | 7/26/2004 | FILED ORDER DIRECTING TRANSCRIPTION OF PROCEEDINGS |
| | 7/26/2004 | JUDGE SHACKELFORD |
| | 7/23/2004 | FILED MOTION TO TRANSCRIBE |
| | 7/23/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 1/30/2001 |
| | 7/23/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 3/2/2001 |
| | 7/23/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 9/19/2000 |
| | 7/23/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 11/21/2000 |
| | 7/19/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 10/20/1999 |
| | 7/19/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 4/19/2001 |
| | 7/19/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 10/18/2001 |
| | 7/19/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 12/9/1999 |
| | 7/9/2004 | FILED ORDER GRANTING THE STATE AN ADDITIONAL 60 DAY EXTENSION OF TIME FOR FILING THE STATE'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE ISSUED ON APRIL 19, 2004 TO SEPTEMBER 17, 2004 |
| | 7/9/2004 | JUDGE TERRELL FOR SHACKELFORD |
| | 7/9/2004 | FILED MOTION FOR A SECOND 60 DAY EXTENSION OF THE TIME FOR FILING THE STATE'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE ISSUED ON APRIL 19, 2004 |
| | 6/18/2004 | FILED NOTICE OF SUPPLEMENTAL AUTHORITY |
| | 5/27/2004 | FILED TRANSCRIPT OF PROCEEDINGS HELD: 6-15-2001, 9-28-2001, 10-26-2001 |
| | 5/11/2004 | FILED ORDER DIRECTING TRANSCRIPTION OF RECORD |
| | 5/11/2004 | JUDGE SHACKELFORD |
| | 5/10/2004 | FILED MOTON TO TRANSCRIBE |
| | 5/10/2004 | FILED ORDER GRANTING THE STATE AN ADDITIONAL 60 DAY EXTENSION OF TIME FOR FILING THE STATE'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE ISSUED ON APRIL 19, 2004 TO JULY 19, 2004 |
| | 5/10/2004 | JUDGE SHACKELFORD |
| | 5/7/2004 | FILED MOTION FOR A 60 DAY EXTENSION OF TIME FOR FILING THE STATE'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE ISSUED ON APRIL 19, 2004 |
| | 4/20/2004 | FILED ORDER TO SHOW CAUSE WITHIN 30 DAYS |
| | 4/20/2004 | JUDGE SHACKELFORD |
| | 3/22/2004 | MOTION FOR POST CONVICTION RELIEF FILED - PRO SE' AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR POSTCONVICTION RELIEF |
| | 5/12/2003 | FILED MANDATE & OPINION FROM DISTRICT COURT AFFIRMING THE JUDGMENT AND SENTENCE OF THIS COURT. DCA# 1D01-5200 |
| | 3/6/2002 | SUPPLEMENTAL RECORD ON APPEAL MAILED TO DISTRICT COURT, ATTY GENERAL AND OFFICE OF PUBLIC DEFENDER 2ND JUDICIAL CIRCUIT - TO INCLUDE CORRECT JUDGMENT AND SENTENCE IN RECORD. |
| | 2/20/2002 | FILED DESIGNATION OF P.D., 2ND JUD CIRCUIT FOR HANDLING OF APPEAL |
| | 2/5/2002 | TRANSCRIPT OF RECORD ON APPEAL MAILED TO DISTRICT COURT, ATTY GENERAL AND DELIVERED TO OFFICE OF PUBLIC DEFENDER |
| | 1/31/2002 | JUDGE: SHACKELFORD FILED MOTION AND ORDER FOR PAYMENT OF COSTS BY ATT. M. ROLLO |
| | 1/28/2002 | FILED NOTICE OF NO OBJECTION BY D. TUCKER |
| | 1/22/2002 | FILED TRANSCRIPT OF PROCEEDINGS HELD 11-5 AND 11-6-2001 (JURY TRIAL - 2 VOLUMES) |
| | 1/14/2002 | FILED ORDER FOR PAYMENT OF ATTORNEY'S FEES |
| | 1/14/2002 | JUDGE: SHACKELFORD |
| | 1/14/2002 | FILED MOTION FOR PAYMENT OF ATTORNEY'S FEES BY M. ROLLO |
| | 1/11/2002 | FILED NOTICE OF NO OBJECTION BY D. TUCKER |
| | 12/28/2001 | FILED ORDER (AMENDED) TO TRANSCRIBE |
| | 12/28/2001 | JUDGE: SHACKELFORD |
| | 12/27/2001 | NOTICE OF APPEAL AND ORDER DECLARING DEFENDANT TO BE INDIGENT AND APPOINTING PD MAILED TO DISTRICT COURT AND ATTORNEY GENERAL |
| | 12/21/2001 | ORDER DIRECTING CT REPORTER TO TRANSCRIBE PROCEEDINGS FILED |
| | 12/21/2001 | JUDGE: SHACKELFORD |
| | 12/21/2001 | FILED ORDER DECLARING DEFENDANT TO BE INDIGENT AND APPOINTING PUBLIC DEFENDER FOR PURPOSES OF APPEAL |
| | 12/21/2001 | JUDGE: SHACKLFORD |
| | 12/18/2001 | STATEMENT OF JUDICIAL ACTS TO BE REVIEWED FILED |
| | 12/18/2001 | DIRECTIONS TO THE CLERK FILED |
| | 12/18/2001 | NOTICE OF APPEAL FILED BY ATT. M. ROLLO |
| | 12/14/2001 | FILE ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT |
| | 12/14/2001 | JUDGE SHACKELFORD |
| | 12/14/2001 | FILE ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL |

| | | |
|---|---|---|
| | 12/14/2001 | JUDGE SHACKELFORD |
| | 12/3/2001 | FILED ORDER FOR PAYMENT OF VIDEOTAYPING SERVICES |
| | 12/3/2001 | JUDGE: SHACKELFORD |
| | 12/3/2001 | FILED MOTION FOR ORDER FOR PAYMENT OF VIDEOTAPING SERVICES BY ATT. M ROLLO |
| | 11/30/2001 | FILED MOTION AND ORDER FOR PAYMENT OF MENTAL HEALTH EXPERT COSTS |
| | 11/30/2001 | JUDGE: SHACKELFORD |
| | 11/30/2001 | NOTICE OF NO OBJECTION FILED BY COUNTY ATTY |
| | 11/16/2001 | FILE RENEWED MOTION FOR JUDGMENT OF ACQUITTAL; MOTION FOR NEW TRIAL (FILED BY M. ROLLO) |
| | 11/7/2001 | MOTION AND ORDER FOR TRANSCRIPTION OF DEPOSITIONS FILED |
| | 11/7/2001 | JUDGE: SHACKELFORD |
| | 11/6/2001 | COURT REPORTER: CM |
| | 11/6/2001 | COURT CLERK: SM |
| | 11/6/2001 | JUDGMENT AND SENTENCE FILED |
| | 11/6/2001 | CALLED JURY MANAGEMENT - SPOKE W/MS CROW FILE JURY INSTRUCTIONS FILE JURY VERDICT FILE JURY JUDGMENT FILE DEFENDANTS REQUESTED JURY INSTRUCTIONS NUMBERS 1 & 2 FILE CASE LAW |
| | 11/6/2001 | COURT RECOMMENDS A FACILITY FOR TREATMENT OF MENTAL ILLNESS |
| | 11/6/2001 | WITH CREDIT FOR 1180 DAYS |
| | 11/6/2001 | STATE PRISON: LIFE |
| | 11/6/2001 | ADJUDGED GUILTY |
| | 11/6/2001 | JURORS POLLED |
| | 11/6/2001 | FOUND GUILTY AS CHARGED |
| | 11/6/2001 | JURY TRIAL CONTINUED AND CONCLUDED DEFENSE MOTION FOR JUDGMENT OF ACQUITTAL DENIED DEFENSE RENEWS MOTION FOR JUDGMENT OF ACTUITTAL - DENIED JURY DELIBERATIONS BEGAN AT 4:02 PM UNTIL 4:45 PM |
| | 11/6/2001 | DEFENDANT IN CUSTODY (PRESENT IN COURT) |
| | 11/6/2001 | COURT APPOINTED ATTORNEY: M. ROLLO |
| | 11/6/2001 | ASSISTANT STATE ATTORNEY: D. RIMMER |
| | 11/6/2001 | JUDGE SHACKELFORD |
| | 11/6/2001 | JURY TRIAL HELD |
| | 11/6/2001 | THE DEFENDANT IN THIS CASE IS BEING ADDED TO THE CONVICTED FELON REPORT |
| | 11/5/2001 | COURT REPORTER: BFS |
| | 11/5/2001 | COURT CLERK: SM |
| | 11/5/2001 | JURY TRIAL BEGAN BUT NOT CONCLUDED JURY TRIAL CONTINUED UNTIL 11-6-2001 @ 8:45 AM |
| | 11/5/2001 | JURY SWORN |
| | 11/5/2001 | JURORS SELECTED THIS DAY: AND |
| | 11/5/2001 | DEFENDANT IN CUSTODY (PRESENT IN COURT) |
| | 11/5/2001 | COURT APPOINTED ATTORNEY: M. ROLLO |
| | 11/5/2001 | ASSISTANT STATE ATTORNEY: D. RIMMER |
| | 11/5/2001 | JUDGE SHACKELFORD |
| | 10/30/2001 | FILE 24TH AMENDED ANSWER TO DISCOVERY |
| | 10/30/2001 | DEPOSITION FILED: ANNIE BELL STALLWORTH |
| | 10/26/2001 | FILED 23RD AMENDED ANSWER TO DISCOVERY |
| | 10/26/2001 | TRIAL REMAINS SET FOR SPECIAL JURY WEEK 11/05/2001 @ 8:30 AM |
| | 10/26/2001 | D. RIMMER TAKING OVER FOR B. NEEL |
| | 10/26/2001 | STATUS CONFERENCE HELD |
| | 10/26/2001 | DEFENDANT IN CUSTODY (PRESENT IN COURT) |
| | 10/26/2001 | COURT APPOINTED ATTORNEY: M. ROLLO |
| | 10/26/2001 | JUDGE SHACKELFORD |
| | 10/25/2001 | NOTICE OF NO OBJECTION FILED BY COUNTY ATTY |
| | 10/25/2001 | FILED NOTICE TO RELY ON DEFENSE OF INSANITY PURSUANT TO FLA.R.CRIM.P.3.216 |
| | 10/23/2001 | FILED TWENTY SECOND AMENDED ANSWER TO DISCOVERY |
| | 10/18/2001 | FILE PSYCHOLOGICAL EVALUATION FROM PENSEACOLA PSYCHOLOGICAL CLINIC DR. GROOM & FROM DR. LAWRENCE GILGUN |
| | 10/18/2001 | TRIAL REMAINS SET FOR WEEK OF 11/05/2001 |
| | 10/18/2001 | PASSED TO: 10/26/2001 @ 3:00 PM FOR NEXT STATUS CONFERENCE |
| | 10/18/2001 | B. NEEL MAY APPEAR BY TELEPHONE FOR NEXT STATUS CONFERENCE |
| | 10/18/2001 | STATUS CONFERENCE HELD |
| | 10/18/2001 | DEFENDANT IN CUSTODY (PRESENT IN COURT) |
| | 10/18/2001 | JUDGE SHACKELFORD |
| | 10/17/2001 | FILED TWENTY FIRST AMENDED ANSWER TO DISCOVERY |
| | 10/17/2001 | COURT APPOINTED ATTORNEY: M. ROLLO |
| | 10/10/2001 | OCTOBER 17, 2001 |
| | 10/10/2001 | FILED ORDER REQUIRING REPORTS TO BE COMPLETED BY 12:00 NOON ON |
| | 10/10/2001 | JUDGE: SHACKELFORD |
| | 10/5/2001 | FILE ORDER TO RELEASE RECORDS |
| | 10/5/2001 | JUDGE: SHACKELFORD |
| | 10/5/2001 | AND TESTING SCHEDULE FOR OCTOBER 8TH AND 9TH, 2001. |
| | 10/5/2001 | FILE ORDER ALLOWING EXPERTS TO VIDEOTAPE THEIR MENTAL EXAMINATION |
| | 10/5/2001 | JUDGE: SHACKELFORD |
| | 9/28/2001 | CASE PLACED ON JURY SELECTION DOCKET 110520010830 |
| | 9/28/2001 | LEAVE SET FOR SPECIAL JURY TRIAL WEEK 11/05/2001 @ 8:30 AM |
| | 9/28/2001 | NOON ON 10/17/2001 |
| | 9/28/2001 | COURT REQUESTS ALL PSYCHOLOGICAL REPORTS BE COMPLETE BY |

| Date | Description |
|---|---|
| 9/28/2001 | HEARING HELD ON: STATE'S MOTION FOR CONTINUANCE - DENIED |
| 9/28/2001 | DEFENDANT IN CUSTODY (PRESENT IN COURT) |
| 9/28/2001 | COURT CLERK: AB |
| 9/28/2001 | COURT REPORTER: CLR |
| 9/28/2001 | COURT APPOINTED ATTORNEY: M. ROLLO |
| 9/28/2001 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 9/28/2001 | JUDGE: SHACKELFORD |
| 9/24/2001 | FILED MOTION AND ORDER FOR PAYMENT OF RECORD COPYING COSTS |
| 9/24/2001 | JUDGE: SHACKELFORD |
| 9/24/2001 | FILED TWENTIETH AMENDED ANSWER TO DISCOVERY |
| 8/17/2001 | FILED NINETEENTH AMENDED ANSWER TO DISCOVERY |
| 8/15/2001 | NOTICE OF NO OBJECTION FILED BY COUNTY ATTY |
| 8/9/2001 | FILE MOTION AND ORDER FOR PAYMENT OF RECORD COPYING COSTS |
| 8/9/2001 | JUDGE: SHACKELFORD |
| 8/9/2001 | FILE MOTION AND ORDER FOR PAYMENT OF RECORD COPYING COSTS |
| 8/9/2001 | JUDGE: SHACKELFORD |
| 8/7/2001 | FILE ORDER TO RELEASE RECORDS |
| 8/7/2001 | JUDGE: SHACKELFORD |
| 8/6/2001 | NOTICE OF NO OBJECTION FILED BY COUNTY ATTY |
| 8/6/2001 | NOTICE OF NO OBJECTION FILED BY COUNTY ATTY |
| 7/30/2001 | DISK, AND COST RELATED TO TAKING DEPOSITION |
| 7/30/2001 | FILED AMENDED MOTION AND ORDER FOR DEPOSITION TRANSCRIPT, ASCII |
| 7/30/2001 | JUDGE: SHACKELFORD |
| 7/30/2001 | MOTION AND ORDER FOR TRANSCRIPTION OF DEPOSITIONS FILED |
| 7/30/2001 | JUDGE: SHACKELFORD |
| 7/27/2001 | FILED EIGHTEENTH AMENDED ANSWER TO DISCOVERY |
| 7/23/2001 | NOTICE OF NO OBJECTION FILED BY COUNTY ATTY |
| 7/2/2001 | FILED ORDER TO RELEASE RECORDS |
| 7/2/2001 | JUDGE: SHACKELFORD |
| 6/27/2001 | MOTION AND ORDER FOR TRANSCRIPTION OF DEPOSITIONS FILED |
| 6/27/2001 | JUDGE: SHACKELFORD |
| 6/27/2001 | MOTION AND ORDER FOR TRANSCRIPTION OF DEPOSITIONS FILED |
| 6/27/2001 | JUDGE: SHACKELFORD |
| 6/26/2001 | FILED NOTICE OF RECIPROCAL DISCOVERY |
| 6/22/2001 | FILED ORDER TO RELEASE RECORDS |
| 6/22/2001 | JUDGE: SHACKELFORD |
| 6/19/2001 | CASE PLACED ON DOCKET DAY DOCKET 080720010830 |
| 6/19/2001 | CALLED JURY MANAGEMENT |
| 6/19/2001 | FOR CALL 08/07/2001 @ 8:30 AM, DD, FOR STATUS |
| 6/19/2001 | PASSED TO: 11/05/2001 @ 8:30 AM - SPECIAL WEEK |
| 6/19/2001 | DEFENDANT IN CUSTODY (PRESENT IN COURT) |
| 6/19/2001 | COURT CLERK: SM |
| 6/19/2001 | COURT REPORTER: CM |
| 6/19/2001 | COURT APPOINTED ATTORNEY: M. ROLLO |
| 6/19/2001 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 6/19/2001 | JUDGE: SHACKELFORD |
| 6/18/2001 | (DR. GROOM AND DR. GILGUN) |
| 6/18/2001 | FILED NOTICE OF RECIPROCAL DISCOVERY |
| 6/15/2001 | DEFT & ATTORNEY ARE EXCUSED FROM DOCKET DAY 06/19/2001 |
| 6/15/2001 | LEAVE SET JURY 07/23/2001, DD 06/19/2001 @ 8:30 AM |
| 6/15/2001 | ORDER FORTHCOMING |
| 6/15/2001 | DEFT TO BE EVALUATED FOR INSANITY |
| 6/15/2001 | MARY ANN HILDREATH (FDLE) |
| 6/15/2001 | STATE & DEFENSE STIPULATE TO THE PERPETUATED TESTIMONY OF |
| 6/15/2001 | STATUS CONFERENCE HELD |
| 6/15/2001 | DEFENDANT IN CUSTODY (PRESENT IN COURT) |
| 6/15/2001 | COURT CLERK: AB |
| 6/15/2001 | COURT REPORTER: CLR |
| 6/15/2001 | COURT APPOINTED ATTORNEY: M. ROLLO |
| 6/15/2001 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 6/15/2001 | JUDGE: SHACKELFORD |
| 6/14/2001 | FILED ORDER APPOINTING EXPERTS FOR PURPOSES OF MENTAL EXAMINATION |
| 6/14/2001 | JUDGE: SHACKELFORD |
| 6/14/2001 | FILED UNOPPOSED MOTION FOR PSYCHIATRIC EXAMINATION |
| 6/5/2001 | FILED MOTIONA AND ORDER FOR DEPOSITION TRANSCRIPT |
| 6/5/2001 | JUDGE: SHACKELFORD |
| 6/1/2001 | FILED SEVENTEENTH AMENDED ANSWER TO DISCOVERY |
| 5/16/2001 | FILED SIXTEENTH AMENDED ANSWER TO DISCOVERY |
| 5/8/2001 | FILE FIFTEENTH ANSWER TO DISCOVERY |
| 5/1/2001 | FILED FOURTEENTH AMENDED ANSWER TO DISCOVERY |

| Date | Description |
|---|---|
| 5/1/2001 | FILED THIRTEENTH AMENDED ANSWER TO DISCOVERY |
| 4/24/2001 | FILED 12TH AMENDED ANSWER TO DISCOVERY |
| 4/19/2001 | CALLED JURY ASSEMBLY (MS NICHOLS) |
| 4/19/2001 | INFORMATION---GRANTED |
| 4/19/2001 | STATE'S ORAL MOTION TO DELETE DEFT'S MIDDLE NAME FROM |
| 4/19/2001 | DOCKET DAY 6/19/2001 @ 8:30 A.M. |
| 4/19/2001 | RESET FOR JURY TRIAL: 7/23/2001 @ 8:30 A.M. (SPECIAL WEEK), |
| 4/19/2001 | DEFENSE REQUEST FOR CONTINUANCE--GRANTED |
| 4/19/2001 | COURT CLERK: VP/SM |
| 4/19/2001 | COURT REPORTER: RBF |
| 4/19/2001 | DEFENDANT IN CUSTODY (PRESENT IN COURT) |
| 4/19/2001 | COURT APPOINTED ATTORNEY: M. ROLLO |
| 4/19/2001 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 4/19/2001 | JUDGE: SHACKELFORD |
| 4/4/2001 | REQUESTED (PER MARY, SAO) |
| 4/4/2001 | PRETRIAL CONFERENCE SCHEDULED FOR 04/19/2001 @ 1:30 PM - CLERK |
| 3/15/2001 | FILE 11TH AMENDED ANSWER TO DISCOVERY |
| 3/7/2001 | BY MICHAEL ROLLO |
| 3/7/2001 | FILE NOTICE OF DISCOVERY |
| 3/7/2001 | NOTICE OF APPEARANCE OF COUNSEL FILED: MICHAEL ROLLO |
| 3/6/2001 | FILED 10TH AMEDED ANSWER TO DISCOVERY |
| 3/5/2001 | FILED NOTICE TO ATTORNEY OF APPOINTMENT OF COUNSEL |
| 3/2/2001 | *NOTIFIED JURY ASSEMBLY - MS CROW |
| 3/2/2001 | (COURT REQ) |
| 3/2/2001 | RESET FOR JURY TRIAL: 4/30/2001 @ 8:30 AM, DD 4/24/2001 @ 8:30 AM |
| 3/2/2001 | COURT APPOINTED M. ROLLO AS COUNSEL OF RECORD |
| 3/2/2001 | MOTION GRANTED |
| 3/2/2001 | HEARING HELD ON: MOTION TO WITHDRAW |
| 3/2/2001 | COURT CLERK: RK |
| 3/2/2001 | COURT REPORTER: SH |
| 3/2/2001 | DEFENDANT PRESENT |
| 3/2/2001 | ASSISTANT PUBLIC DEFENDER: E. NICHOLAS, APD |
| 3/2/2001 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 3/2/2001 | JUDGE: SHACKELFORD |
| 2/22/2001 | FILE 9TH AMENDED ANSWER TO DISCOVERY |
| 2/20/2001 | 8:45 AM |
| 2/20/2001 | FILED MOTION TO WITHDRAW AND NOTICE OF HEARING FOR 3/2/2001 @ |
| 1/30/2001 | LEAVE SET FOR 3/12/2001, DD 3/6/2001 @ 8:30 AM |
| 1/30/2001 | STATUS CONFERENCE HELD |
| 1/30/2001 | COURT CLERK: VP |
| 1/30/2001 | COURT REPORTER: SH |
| 1/30/2001 | DEFENDANT PRESENT |
| 1/30/2001 | ASSISTANT PUBLIC DEFENDER: E. NICHOLAS, NOT PRESENT |
| 1/30/2001 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 1/30/2001 | JUDGE: SHACKELFORD |
| 1/22/2001 | FILE 8TH AMENDED ANSWER TO DISCOVERY |
| 1/16/2001 | FILE 7TH AMENDED ANSWER TO DISCOVERY |
| 1/16/2001 | FILE 6TH AMENDED ANSWER TO DISCOVERY |
| 1/9/2001 | FILE 5TH AMENDED ANSWER TO DISCOVERY |
| 1/4/2001 | NOTIFIED JURY |
| 1/4/2001 | (DEF REQ) |
| 1/4/2001 | RESET FOR JURY TRIAL: 03/12/2001, DD 03/06/2001 @ 8:30 AM |
| 1/4/2001 | DEFENDANT PRESENT |
| 1/4/2001 | COURT CLERK: PC |
| 1/4/2001 | COURT REPORTER: CM |
| 1/4/2001 | ASSISTANT PUBLIC DEFENDER: T. STITT |
| 1/4/2001 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 1/4/2001 | JUDGE: SHACKELFORD |
| 11/21/2000 | RESET FOR JURY TRIAL: 1/16/2001, DD 1/4/2001 @ 8:30, FOR CALL |
| 11/21/2000 | COURT CLERK: AB |
| 11/21/2000 | COURT REPORTER: SH |
| 11/21/2000 | DEFENDANT PRESENT |
| 11/21/2000 | ASSISTANT PUBLIC DEFENDER: K. RICHARDS |
| 11/21/2000 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 11/21/2000 | JUDGE: SHACKELFORD |
| 11/13/2000 | FILE DEPOSITION OF ERNESTINE HARDY AND TONY RAY PUENTE |
| 10/23/2000 | FILE DEPOSITION OF CARLOS BROWN AND KEN MOORE |
| 9/19/2000 | NOTIFIED JURY MANAGEMENT - MRS. CROW |
| 9/19/2000 | FILE ORDER GRANTING CONTINUANCE |
| 9/19/2000 | DEFENSE REQUEST |

| Date | Entry |
|------|-------|
| 9/19/2000 | RESET FOR JURY TRIAL: 11/27/2000, DD 11/21/2000 |
| 9/19/2000 | COURT CLERK: AB |
| 9/19/2000 | COURT REPORTER: SH |
| 9/19/2000 | DEFENDANT PRESENT |
| 9/19/2000 | ASSISTANT PUBLIC DEFENDER: T. STITT |
| 9/19/2000 | ASSISTANT STATE ATTORNEY: M. ROSS |
| 9/19/2000 | JUDGE: SHACKELFORD |
| 6/21/2000 | FILE 4TH AMENDED ANSWER TO DISCOVERY |
| 6/21/2000 | TO 9/25/2000, DD 9/19/2000 |
| 6/21/2000 | FILED STIPULATION FOR CONTINUANCE AND ORDER GRANTING CONTINUANCE |
| 6/21/2000 | JUDGE: SHACKELFORD |
| 5/30/2000 | CALLED JURY ASSEMBLY (JULIE) |
| 5/30/2000 | RESET FOR JURY TRIAL: 07/24/2000, DD 07/18/2000 @ 9:00 AM |
| 5/30/2000 | DEFENDANT ABSENT |
| 5/30/2000 | COURT CLERK: FC |
| 5/30/2000 | COURT REPORTER: BFS |
| 5/30/2000 | ASSISTANT PUBLIC DEFENDER: S. POTTER |
| 5/30/2000 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 5/30/2000 | JUDGE: JOHNSON FOR DIV. F |
| 4/4/2000 | (DEF REQ) |
| 4/4/2000 | RESET FOR JURY TRIAL: 06/05/2000, DD 05/30/2000 @ 9:00 AM |
| 4/4/2000 | DEFENDANT ABSENT |
| 4/4/2000 | COURT CLERK: FC |
| 4/4/2000 | COURT REPORTER: CB |
| 4/4/2000 | ASSISTANT PUBLIC DEFENDER: S. POTTER |
| 4/4/2000 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 4/4/2000 | JUDGE: MELVIN |
| 3/9/2000 | FILE DEPOSITION OF OTIS M. DONALDSON |
| 3/9/2000 | FILE DEPOSITION OF LOLA COLEMAN |
| 3/9/2000 | FILE DEPOSITION OF JAMES JEROME JONES |
| 1/27/2000 | ODILE DONALDSON, AND PEARCE BAKER |
| 1/27/2000 | GOLDEN, JAY GAZANI, CLARENCE WEST, JOHN P. DOYLE, MINNIE WATKINS, |
| 1/27/2000 | FILE DEPOSITION OF COLVIN RANCIFER, RODNEY EAGERTON, SUSAN S. |
| 12/9/1999 | *CALLED JURY ASSEMBLY - SPOKE WITH MS. CROW |
| 12/9/1999 | FILE ORDER TO COMPEL |
| 12/9/1999 | (JOINT REQUEST) |
| 12/9/1999 | RESET FOR JURY TRIAL: 04102000 @ 8:30 AM, DD 04042000 @ 9:00 AM |
| 12/9/1999 | MOTION GRANTED |
| 12/9/1999 | HEARING HELD ON: STATE'S MOTION TO COMPEL |
| 12/9/1999 | DEFENDANT PRESENT |
| 12/9/1999 | COURT CLERK: RK |
| 12/9/1999 | COURT REPORTER: BFS |
| 12/9/1999 | ASSISTANT PUBLIC DEFENDER: E. NICHOLAS |
| 12/9/1999 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 12/9/1999 | JUDGE: MELVIN |
| 10/28/1999 | FILED NOTICE OF HEARING ON MOTION TO COMPEL FOR 12/9/99 @ 10:30 |
| 10/27/1999 | FILE MOTION TO COMPEL |
| 10/20/1999 | CALLED JURY MANAGMENT - MS. NICHOLS |
| 10/20/1999 | RESET FOR JURY TRIAL: 12/20/1999, DD 12/15/1999 @ 9:00 |
| 10/20/1999 | COURT CLERK: VP |
| 10/20/1999 | COURT REPORTER: RBF |
| 10/20/1999 | DEFENDANT PRESENT |
| 10/20/1999 | ASSISTANT PUBLIC DEFENDER: M. VANCAVAGE |
| 10/20/1999 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 10/20/1999 | JUDGE: MELVIN |
| 10/20/1999 | CASE REOPENED Y |
| 10/5/1999 | FILE NOTICE OF DISCHARGE FROM FLORIDA STATE HOSPITAL |
| 9/23/1999 | FILE ORDER TO TRANSPORT (FOR 10/20/99 DD) |
| 9/23/1999 | JUDGE: MELVIN |
| 9/7/1999 | FILE THIRD AMENDED ANSWER TO DISCOVERY |
| 8/3/1999 | PASSED TO: 10/20/1999 DD, PER WANDA - DIV F' |
| 8/3/1999 | CASE REOPENED 08031999 |
| 7/2/1999 | FILE NOTICE OF NO OBJECTION |
| 5/17/1999 | (COVERS 98-3586) |
| 5/17/1999 | AND COMMITTED TO FLORIDA STATE HOSPITAL |
| 5/17/1999 | DEFT FOUND INCOMPETENT TO STAND TRIAL; DEFT DISCHARGED |
| 5/17/1999 | JUDGE: MELVIN |
| 4/12/1999 | DR.'S LARSON AND RAMOS PRESENT |
| 4/12/1999 | PD TO PREPARE THE ORDER |
| 4/12/1999 | AND COMMITTED TO FLORIDA STATE HOSPITAL |

| Date | Entry |
|---|---|
| 4/12/1999 | DEFT FOUND INCOMPETENT TO STAND TRIAL; DEFT DISCHARGED |
| 4/12/1999 | HEARING HELD ON: COMPETENCY |
| 4/12/1999 | COURT CLERK: VP |
| 4/12/1999 | COURT REPORTER: PS |
| 4/12/1999 | DEFENDANT PRESENT |
| 4/12/1999 | ASSISTANT PUBLIC DEFENDER: E. NICHOLAS |
| 4/12/1999 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 4/12/1999 | JUDGE: MELVIN |
| 3/22/1999 | COMPETENCY HEARING SET FOR 041299 @ 9:00 A.M. |
| 3/22/1999 | DEFENDANT ABSENT |
| 3/22/1999 | COURT CLERK: DW |
| 3/22/1999 | COURT REPORTER: BFS |
| 3/22/1999 | ASSISTANT PUBLIC DEFENDER: M. VANCAVAGE |
| 3/22/1999 | ASSISTANT STATE ATTORNEY: M. ROSS |
| 3/22/1999 | JUDGE: SKIEVASKI FOR MELVIN |
| 3/19/1999 | SET FOR COMPETENCY HRG MON. 3/22/99 9:00 AM PER WANDA DIV F' |
| 3/17/1999 | FILE NOTICE OF COMPETENCY HEARING ON 4-12-99 AT 9:00 AM |
| 1/13/1999 | CALLED JURY ASSEMBLY, SPOKE WITH MS. NICHOLS |
| 1/13/1999 | COURT CLERK: DM/SJ |
| 1/13/1999 | COURT REPORTER: SH |
| 1/13/1999 | DEFENSE REQUESET |
| 1/13/1999 | DEFENDANT IN CUSTODY (NOT PRESENT IN COURT) |
| 1/13/1999 | RESET FOR JURY TRIAL: 5-10-99, DD 5-5-99 AT 9AM. |
| 1/13/1999 | ASSISTANT PUBLIC DEFENDER: E. NICHOLAS |
| 1/13/1999 | ASSISTANT STATE ATTORNEY: B. NEEL |
| 1/13/1999 | JUDGE: MELVIN |
| 11/18/1998 | *CALLED JURY ASSEMBLY, SPOKE TO MS. CHAMBERS |
| 11/18/1998 | RESET FOR JURY TRIAL: 1/19/99 @ 8:30, DD 1/13/99 @ 9:00, DEF REQ |
| 11/18/1998 | COURT CLERK: DMO |
| 11/18/1998 | COURT REPORTER: RB |
| 11/18/1998 | DEFENDANT IN CUSTODY (NOT PRESENT IN COURT) |
| 11/18/1998 | ASSISTANT PUBLIC DEFENDER: E. NICHOLAS |
| 11/18/1998 | ASSISTANT STATE ATTORNEY: R. SCHERLING |
| 11/18/1998 | JUDGE: MELVIN |
| 11/9/1998 | FILE SECOND AMENDED DISCOVERY EXHIBIT |
| 10/23/1998 | FILE FIRST AMENDED DISCOVERY EXHIBIT |
| 10/16/1998 | DISCOVERY EXHIBIT FILED |
| 9/22/1998 | FILE NOTICE OF DISCOVERY |
| 9/11/1998 | *CALLED JURY MANAGEMENT - FRIEDA*_ |
| 9/11/1998 | @ 8:30 A.M., DD 111898 @ 9:00 A.M. |
| 9/11/1998 | WAIVED ARRAIG. PLED NOT GUILTY SET FOR JURY TRIAL: 112398 |
| 9/11/1998 | DEFENDANT PRESENT |
| 9/11/1998 | COURT REPORTER: SH |
| 9/11/1998 | ASSISTANT PUBLIC DEFENDER: G. SHOEMAKER |
| 9/11/1998 | ASSISTANT STATE ATTORNEY: R. SCHERLING |
| 9/11/1998 | JUDGE: TERRELL |
| 8/26/1998 | FILE DEMAND FOR NOTICE OF ALIBI |
| 8/25/1998 | CALLED JAIL FOR DEFT. TO BE PRESENT IN ARRGN ON 9/11/98 |
| 8/25/1998 | INDICTMENT FILED |
| 8/25/1998 | 15 MEMBER GRAND JURY - REMAINS AT NO BOND, RET. 9/11/98 |
| 8/24/1998 | FILE ENTRY OF PLEA OF NOT GUILTY. |
| 8/18/1998 | ORIGINAL ARREST DATE: 08141998 |
| 8/18/1998 | AFFIDAVIT FOR: MURDER, RET. 9/11/98 |
| 8/15/1998 | PASSED TO: 9/11/98 |
| 8/15/1998 | ASST. PUBLIC DEFENDER APPOINTED THIS DATE. |
| 8/15/1998 | WEEKEND APPEARANCE |
| 8/15/1998 | JUDGE: WHITE |